IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RAYMOND P.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 6:20-cv-01166-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Raymond P. was denied Supplemental Security Income under Title XVI of the Social Security Act. He appeals to this Court, arguing that the Administrative Law Judge ("ALJ") improperly rejected medical opinion evidence. Because the Commissioner of Social Security's ("Commissioner") decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1114–15 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). If 25,000 jobs exist nationwide that the claimant could perform, that can constitute "significant numbers in the national economy." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014).

In the step two analysis here, the ALJ found that Plaintiff had the following severe impairments: cervical and lumbar spine degenerative disc disease; osteopenia; migraines; hypertension; mild posttraumatic stress disorder (PTSD); bipolar disorder type II; and rule out somatic symptom disorder. Tr. 19.[2] In construing Plaintiff's RFC, the ALJ limited Plaintiff to light work and provided the following additional limitations:

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

> [Plaintiff] . . . can no more than occasionally climb ladders, ropes, and scaffolds, and frequently stoop, kneel, crouch, and crawl. He would need to avoid concentrated exposure to workplace hazards such as heights and heavy machinery. [Plaintiff] is able to understand, remember, and carry out simple, routine, and repetitive tasks. He can work no more than occasionally with the public, and with coworkers on a cursory basis (so no close coordination with coworkers). [Plaintiff] can accept criticism and redirection from supervisors on a cursory basis.

Tr. 22. Based on the vocational expert's ("VE") testimony, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 28–29. Accordingly, the ALJ determined that Plaintiff was not disabled. Tr. 29.

The only issue before the Court is whether the ALJ improperly rejected the medical opinion of Susan South, PsyD. Pl.'s Op. Br. 5, ECF No. 22. Dr. South opined that in the workplace, Plaintiff would require a "supportive, non-confrontational supervisor." Plaintiff argues the ALJ failed to adequately explain why Dr. South's supervisor limitation was unsupported and inconsistent with the record. *Id.* at 5–6.

Under the current regulations, an ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. In doing so, an ALJ considers the following factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are the most important and must be articulated in the ALJ's decision. *Id.* § 416.920c(b)(2). Further, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a).

3 – OPINION AND ORDER

Dr. South, a state agency psychological consultant, reviewed Plaintiff's mental health records at the initial level. Dr. South considered Plaintiff's treatment notes showing his Bipolar II diagnosis as well as his history of depression and anxiety. Tr. 123–24. Noting Plaintiff's GED education and prolonged history of incarceration, Dr. South concluded that Plaintiff "shows poor adaptive skills and limited interpersonal skills." Tr. 124. In assessing Plaintiff's mental residual functional capacity, Dr. South opined that Plaintiff is moderately limited in his "ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." Tr. 129. Dr. South explained that Plaintiff should be "[l]imited to simple routine 3-step tasks, as well as more than required co-worker interaction," and that Plaintiff "requires a supportive, non-confrontational supervisor." Tr. 129.

At the reconsideration level, Bill Hennings, Ph.D., found that Plaintiff could work with co-workers on a cursory basis and accept criticism and redirection from supervisors on a cursory basis. Tr. 149. Dr. Hennings noted Plaintiff's lack of medication compliance, his full custody of his daughter, and his denial of mania. Tr. 143. In 2019, Scott Alvord, PsyD, completed a consultive evaluation of Plaintiff and provided diagnoses of chronic mild PTSD, bipolar type II disorder with most recent episode depressed, and rule out somatic symptoms disorder primarily involving pain. Tr. 1282–86. Dr. Alvord provided no limitations in understanding, remembering, and carrying out instructions, and moderate limitations in Plaintiff's ability to interact appropriately with the public, co-workers, and supervisors. Tr. 1287–88.

The ALJ found the opinions of the state agency psychological consultants persuasive, except for Dr. South's opinion that Plaintiff requires a supportive, non-confrontational supervisor. Tr. 27. The ALJ acknowledged Plaintiff's complaints of "life stressors," which include "family conflict, homelessness, primary custody of a toddler, and 'fighting with disability.'" Tr. 26. These

stressors cause Plaintiff "intermittent symptoms of crying spells, agitation, [and] hopelessness." Tr. 26. The ALJ then found, however, that Plaintiff's therapy records, medication management, and mental status exams "do not support [Plaintiff's] allegations." Tr. 26. The ALJ noted that Plaintiff's behavior, impulse control, insight, judgment, attention, and concentration at exams were normal. Tr. 26. Plaintiff's thought process was logical, his thought content was goal directed, and he presented as pleasant and cooperative. Tr. 26. Regarding Dr. South's supervisor limitation, the ALJ noted the discrepancy between Plaintiff's reported anger issues and his mental status exams and the consultative examiner's report "where he is described as presenting with normal behavior, good impulse control, and pleasant and cooperative demeanor." Tr. 27. The ALJ further explained that the "evidence consistently shows no psychotic symptoms are apparent and no present mania is reported." Tr. 27.

Plaintiff argues the ALJ failed to provide sufficient reasons explaining how Dr. South's opinion was inconsistent with other evidence in the record. Plaintiff first contends that the ALJ did not address the consistency between Dr. South's supervisor limitation and Plaintiff's sister's testimony that Plaintiff has anger issues and difficulty working with others. Pl.'s Op. Br. 6. Plaintiff's sister stated that Plaintiff gets along with authority figures "fine as long as he is listening before reaction." Tr. 320. She stated Plaintiff has difficulty getting along with family and friends "when in pain." Tr. 319. Plaintiff also shared with his therapist that his sister notices "blowouts" where he gets irritable, angry, and explodes at other people. Tr. 1227.

Plaintiff's argument fails because an ALJ is "not required to articulate how [she] considered evidence from nonmedical sources" using the supportability and consistency factors for medical sources. 20 C.F.R. §§ 404.1520c(d), 416.920c(d).[3] The ALJ was under no obligation

---

[3] Though not raised as a separate issue, to the extent that Plaintiff argues the ALJ failed to provide sufficient reasons for rejecting Plaintiff's sister's testimony, the Court finds the ALJ's error harmless. *Molina v. Astrue*, 674 F.3d

5 – OPINION AND ORDER

to address the supportability or consistency of Plaintiff's sister's nonmedical, lay witness testimony. Instead, the ALJ need only articulate her reasons for finding Dr. South's opinion unsupportable and inconsistent, which she did. The ALJ found Dr. South's supervisor limitation unsupported by the medical evidence, citing several mental status exams as well as the consultative examiner's report where Plaintiff exhibited normal behavior, good impulse control, and pleasant and cooperative demeanor. Tr. 27. Regarding whether Dr. South's supervisor limitation is consistent with other evidence, the ALJ found that "new evidence consistently shows no psychotic symptoms are apparent and no present mania is reported." Tr. 27. The ALJ therefore provided sufficient reasons to find Dr. South's supervisor limitation unsupported and inconsistent with the evidence of record.

Plaintiff next contests the ALJ's statement that Plaintiff's anger issues are "not reflected in mental status exams of record." Pl.'s Op. Br. 7. Plaintiff points to two mental status exams where "angry" is marked as one of Plaintiff's moods during the exam. *Id.* Plaintiff also refers to his own reports to his therapist about being angry sometimes and his therapist's advice that he take a time out when he is angry. *Id.*

Viewing the record as a whole, the ALJ did not err in concluding that Plaintiff's anger issues are not reflected in the record to a degree which would warrant Dr. South's supervisor limitation. The transcript of record includes voluminous mental health records which consistently demonstrate Plaintiff's struggle with life stressors, such as child custody battles, relationship problems, housing and career barriers, and financial difficulties. *See* Tr. 746–98; 815–72; 1165–

---

1104, 1122 (9th Cir. 2012) (failure to provide a reason for discounting lay witness testimony is harmless where "the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims."). In discounting Plaintiff's testimony regarding the severity of his symptoms, the ALJ pointed to Plaintiff's therapy records, medication management, and mental status exams which showed consistently normal behavior, no psychotic symptoms or mania, and mental functioning within normal limits. *See* Tr. 26. The ALJ therefore gave clear and convincing reasons in finding Plaintiff's mental limitations were not as severe as alleged. Plaintiff's sister's testimony regarding Plaintiff's limitations is discredited for the same reasons.

6 – OPINION AND ORDER

1254; 1379–1440; 1714–25; 1838–41. Plaintiff repeatedly spoke with treatment providers about these life stressors and how they contributed to his depressive mood. *See id.* But the overwhelming majority of Plaintiff's treatment notes from mental health providers make no mention of anger problems. The two mental status exams Plaintiff cites which checkmark his mood as "angry" also mark Plaintiff's mood as depressed, anxious, expansive, and sad. Tr. 499, 822. They hold little weight against Plaintiff's extensive therapy notes where discussions around anger issues are notably absent. As the ALJ noted, on several occasions Plaintiff presented with normal behavior and a pleasant and cooperative demeanor. Tr. 27. The ALJ explained that despite Plaintiff's complaints, Plaintiff's mental status exams "have failed to confirm significant and consistent abnormalities." Tr. 27. The ALJ was not incorrect in concluding that as a whole, Plaintiff's therapy notes and mental status exams do not reflect significant anger issues.

Last, Plaintiff argues that his demeanor at exams does not undermine Dr. South's supervisor limitation in the workplace. Pl.'s Op. Br. 7. But the ALJ does not simply refer to Plaintiff's demeanor at exams. The ALJ cites to several of Plaintiff's mental health exams where he describes his various mental health symptoms to his providers. As explained above, absent from the majority of Plaintiff's exam notes is a description or diagnosis of anger problems.

Plaintiff ultimately takes issue with the ALJ's evaluation of the evidence and presents an alternative interpretation. It is not this Court's role to second-guess an ALJ's decision that is supported by substantial evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court finds the ALJ properly evaluated the evidence of record and provided specific and legitimate reasons for finding Dr. South's supervisor limitation unsupported, inconsistent, and therefore non-persuasive.

7 – OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 29th day of September, 2022.

                                                                ___s/Michael J. McShane_____
                                                                 Michael J. McShane
                                                                 United States District Judge